UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIE TAN, *et al.*, | No. C-11-2874 EMC |
|           Plaintiffs, | |
|     v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| WELLS FARGO BANK NA, *et al.*, | |
|           Defendants. | **(Docket No. 9)** |
| _____/ | |

      Plaintiffs Amie and Allen Tan have filed suit against the following Defendants: Wells Fargo Bank NA; Wells Fargo Bank, as Trustee for the Structured Asset Securities Corp. Mortgage Pass-Through Certificates Series 2006-Opti; American Home Mortgage Servicing Inc. ("AHMSI"); AH Mortgage Acquisition Co., Inc.; AHM SV Inc.; Power Default Services, Inc.; Option One Mortgage Corp.; and Mortgage Electronic Registration Systems ("MERS"). The Tans initiated this suit in state court but the case was subsequently removed to federal court by four of the defendants, *i.e.*, Wells Fargo Bank NA, Wells Fargo Bank as Trustee, AHMSI, and Power Default (collectively "Removing Defendants"). (The other defendants still have yet to make an appearance in the case.) Currently pending before the Court is the Removing Defendants' motion to dismiss. For the reasons discussed below, the Court hereby **GRANTS** the motion.

///
///
///
///

## I. DISCUSSION

As a preliminary matter, the Court notes that the Tans failed to file an opposition to the motion to dismiss. In addition, they failed to make an appearance at the hearing on the motion.[1] In so proceeding, the Tans took on the risk that their case would be dismissed for failure to file an opposition as required by the Civil Local Rules or for failure to prosecute under Federal Rule of Civil Procedure 41(b). Notably, Judge Armstrong of this District dismissed a prior lawsuit brought by the Tans – based on largely the same facts – for those very reasons. *See Tan v. Wells Fargo Bank*, No. C-10-3773 SBA (Docket No. 14). The reasoning of Judge Armstrong is largely applicable here. Moreover, the Court notes that, as a practical matter, a lesser sanction is not really available in this case precisely because the Tans were already aware of the consequences of a failure to oppose a motion to dismiss. *Cf. Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (stating that "[a]dditional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to Carey was returned as undeliverable"). Accordingly, the Court concludes that dismissal of the claims asserted against the Removing Defendants is appropriate based on the Tans' failure to prosecute.

The Court further notes that, even if there were no failure to prosecute, the bulk of the Tans' claims would be barred by res judicata. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (stating that "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties"). As indicated above, the Tans previously filed suit against largely the same defendants in a case over which Judge Armstrong was the assigned judge. There is a substantial, indeed nearly complete, overlap in operative facts between that prior lawsuit and the current one. Both cases relate to foreclosure attempts with respect to the Tans' home. In both complaints, the Tans claim that the defendants cannot foreclose because there is a problem with the "chain of assignment." In addition, in both complaints, the Tans allege improprieties by the defendants related to their loan – *e.g.*, "adding exorbitant fees, [imposing] undisclosed and hidden charges, and misapplying [loan]

---

[1] Counsel for the Removing Defendants also represented at the hearing that its attempts to contact the Tans have been unsuccessful. Either the Tans have not responded to messages left with them or the Tans have hung up on defense counsel once he or she identifies himself or herself.

2

payments." Compl. ¶ 22; *Tan v. Wells Fargo Bank*, No. C-10-3773 SBA (Docket No. 1) (Compl. ¶ 25).

Finally, the Court notes that, res judicata aside, many of the causes of action pled by the Tans do not state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6) (providing that a claim may be dismissed for failure to state a claim for relief). For example, the Tans maintain that, because of the securitization process, only the individual investors may foreclose on their home, but courts have typically rejected such arguments. *See, e.g.*, *Jones v. Countrywide Homeloan*, No. CV F 11-0405 AWI JLT, 2011 U.S. Dist. LEXIS 64647, at *13-15 (E.D. Cal. June 17, 2011); *Zivanic v. Washington Mut. Bank, F.A.*, No. 10-737 SC, 2010 U.S. Dist. LEXIS 56846, at *18-19 (N.D. Cal. June 9, 2010). The Tans also argue that they are entitled to a loan modification pursuant to California Civil Code § 2923.6, but courts have routinely rejected those contentions as well, either holding that the statute does not give rise to a private right of action or that the statute does not impose any duty on the lender. *See, e.g.*, *Alda v. Wells Fargo Bank, N.A.*, No. CIV S-11-925 MCE DAD (TEMP) PS, 2011 U.S. Dist. LEXIS 72789, at *9-10 (E.D. Cal. July 7, 2011); *Chourp v. Ocwen Loan Serv'g, L.L.C.*, No. 11cv0159-IEG (JMA), 2011 U.S. Dist. LEXIS 44044, at *5 (S.D. Cal. Apr. 22, 2011); *Roberts v. JPMorgan Chase Bank, N.A.*, No.: 09-CV-01855-LHK, 2011 U.S. Dist. LEXIS 24753, at *14-15 (N.D. Cal. Mar. 11, 2011); *see also Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010) (noting that "section 2923.6 . . . does *not* operate substantively" and "merely expresses the *hope* that lenders will offer loan modifications on certain terms") (emphasis in original). Finally, as another example, the Tans' fraud claim is deficient as they have failed to plead in a nonclusory way that they relied on the alleged misrepresentation by the defendants that they had

///
///
///
///
///
///
///

the authority to foreclose on the Tans' home. *See In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (noting that one of the required elements for a claim of fraud is justifiable reliance).

## II. CONCLUSION

For the foregoing reasons, the Court hereby grants the Removing Defendants' motion to dismiss.

This order disposes of Docket No. 9.

IT IS SO ORDERED.

Dated: August 4, 2011

_____
EDWARD M. CHEN
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIE TAN, *et al.*, | No. C-11-2874 EMC |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| WELLS FARGO BANK NA, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Amie Tan  
No 3. Dow Court  
Alameda, CA 94501

Allen Tan  
No. 3 Dow Court  
Alameda, CA 94501

Dated: August 4, 2011             RICHARD W. WIEKING, CLERK

By: _____/s/ Leni Doyle_____  
Leni Doyle  
Deputy Clerk